## KILLMAN v. YOUNG. (No. 8038.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 21, 1914. Rehearing Denied Dec. 19, 1914.)

1. APPEAL AND ERROR (§ 736*)—QUESTIONS REVIEWABLE—ASSIGNMENTS — MULTIFARIOUSNESS.

An assignment of error, which states that the court erred in overruling and in sustaining plaintiff's objections and exceptions to the general charge and in not charging as pointed out in the exceptions and objections, which, as set forth, consist of several paragraphs, one of which is divided into subdivisions, is objectionable as multifarious, where the paragraphs as a whole refer to different clauses of the court's charge and embody several separate and distinct questions of law and of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

2. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—SPECIFICATIONS.

Though, under the law, a motion for new trial may constitute assignments of error, the statutes and rules governing the requi-

sites of assignments of error prevail, and they must specify the errors complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

3. PLEDGES (§ 53*)—ENFORCEMENT — LIABILITY OF PLEDGOR.

One delivering his chattels to a third person consenting to a pledge thereof by him to secure a loan for his own benefit is not liable for a personal judgment in favor of the pledgee, who can only foreclose the pledge in satisfaction of the debt.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 129–132; Dec. Dig. § 53.*]

4. APPEAL AND ERROR (§ 1169*)—REVERSAL—ERRONEOUS SUBMISSION OF ISSUE.

Where the court on appeal cannot determine on which of two issues the verdict was rendered, the error in instructions submitting one of the issues necessitates a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531–4539; Dec. Dig. § 1169.*]

5. PLEDGES (§ 57*)—ENFORCEMENT — RIGHTS AND LIABILITIES OF PARTIES.

Where one pledged his chattels to secure a debt due from a third person to the pledgee, the pledgee, to foreclose the pledge, must first obtain a judgment establishing the debt.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 184, 185; Dec. Dig. § 57.*]

6. REPLEVIN (§ 63*)—RECOVERY—BURDEN OF PROOF.

An owner of chattels in the possession of another is entitled to recover the same, unless the latter shows his right to possession on grounds alleged in his special defenses, the burden of proving which is on him.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 225–238; Dec. Dig. § 63.*]

7. REPLEVIN (§ 70*)—RECOVERY—BURDEN OF PROOF.

The fact that plaintiff, suing for chattels in possession of defendant, alleged in her amended petition that she had not consented to a third person pledging the chattels with defendant, and denying the effect of a bill of sale relied on by defendant, presented in the nature of defenses to special issues raised by defendant, did not constitute an assumption of the burden of proof, though proof of the facts alleged may be required to defeat defendant's defenses.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 280–284; Dec. Dig. § 70.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by Mrs. Nora Killman against L. B. Young. From a judgment for defendant, plaintiff appeals. Reversed and remanded for new trial.

Phillips & Rice, of Cleburne, for appellant. F. E. Johnson and Ramsey & Odell, all of Cleburne, for appellee.

CONNER, C. J. Mrs. Nora Killman instituted this suit for the recovery of three diamond rings alleged to be her property and to be in the defendant Young's possession. Appellee, Young, answered to the effect that the rings had been deposited with him with the knowledge and consent of the plaintiff by one Creale to secure a promissory note of the said Creale's for $110, which had been given for a loan of money to him, and which was unpaid. He further answered that, after the pledge stated, the plaintiff had been fully advised of the circumstances under which the defendant obtained possession of the rings, and that she ratified and confirmed the delivery of the same to him as security for the loan mentioned, and alleged that, in consideration of the surrender to her of the note executed by Creale, she had assumed the Creale debt and executed a bill of sale to the rings to secure the debt so assumed by her. A trial before a jury resulted in a verdict and judgment in favor of the defendant, and the plaintiff has appealed.

[1, 2] Appellant's first assignment must be disregarded as multifarious. It is that:

"The court erred in overruling and not sustaining plaintiff's objections and exceptions to his general charge and in not charging the jury the law of the case as pointed out in said exceptions and objections, which are as follows, to wit:"

Then follow the objections made consisting of the first, second, third, fourth, and fifth paragraphs, the fifth paragraph being further divided into the first, second, third, fourth, fifth, and sixth subdivisions; the paragraphs as a whole referring to different clauses of the court's charge and embodying several separate and distinct questions of law and of fact. The only proposition submitted under the assignment is that:

"The foregoing assignment of error sufficiently disclosing appellant's objections, it is here adopted and submitted as a proposition under the first assignment of error."

Such an assignment and proposition cannot be said to be of that specific character entitling them to consideration. The assignment is a copy of the first paragraph of appellant's motion for new trial, but the fact that the motion for new trial by our amended law now constitutes the assignments of error does not render less necessary an observance of the statutes and rules which give the requisites of assignments of error. Appellant's first assignment is accordingly overruled.

Appellant's second assignment relates to a charge which authorized a verdict for the plaintiff and need not be considered.

[3] The third assignment, however, we think well taken. It is that the court erred in the second paragraph of his charge, which is as follows:

"If you should believe, however, that said F. E. Creale for the purpose of obtaining a loan upon the same, or that the plaintiff consented that the said F. E. Creale might use said rings for the purpose of obtaining a loan, then you will find for the defendant."

The error of this paragraph of the court's charge is made manifest by the sixth paragraph, which reads as follows:

"If you find for the defendant, the form of your verdict will be as follows: 'We, the jury, find in favor of the defendant against the plain-

tiff the sum of $110, with a foreclosure of his lien upon the diamonds in question.' "

The verdict rendered was in the form thus given and the judgment follows the verdict. It will be thus seen that the second paragraph of the court's charge, when considered in connection with the sixth paragraph, required a finding of the jury against the appellant personally for the $110 indebtedness of Creale's on the theory of the special defense that the plaintiff had merely delivered the rings to Creale and consented that he might pledge the same. There is nothing in the evidence that suggests that Creale borrowed the money in question for appellant, but, on the contrary, it seems undisputed that the money was secured for his own benefit; and, while the defendant might be entitled to a foreclosure of a lien upon the rings in the event the jury found that the plaintiff had delivered the rings to Creale and consented that he might pledge them, such facts would not authorize a personal judgment against her in defendant's favor.

[4] Such a verdict and judgment was authorized only upon the theory of appellant's second special defense, which was that plaintiff, for a sufficient consideration, later assumed the Creale debt, and which issue was likewise submitted to the jury. We have no means from the record before us of determining upon which issue the jury found in appellee's favor, and we conclude, therefore, that the error is one for which the judgment must be reversed.

[5] In this connection, and in view of another trial, we should perhaps also call attention to the fact that the record fails to disclose that Creale has been made a party to the suit, nor is any reason alleged for the failure. On the theory of the case that appellee merely consented to the pledge of her rings, the rings occupy the attitude of a surety, and a valid judgment establishing the debt to secure which the property had been pledged would be a condition precedent to a decree of foreclosure, and we fail to see just how such a judgment is to be secured under the circumstances stated.

[6] It is further insisted in behalf of appellant that the court improperly put the burden of proof upon her, and we think, in view of the record, that this objection is well taken. It was undisputed that the rings in question were the property of appellant, and the court so instructed the jury. She therefore was entitled to recover their possession, unless appellee was able to support one or the other of the special defenses pleaded by him, the burden of establishing which it is very evident was upon him.

[7] It is true that the plaintiff in her amended petition alleged that she had not consented to Creale's pledge of the rings, and denied the legal effect of the bill of sale relied upon by appellee as her own obligation; but these allegations were merely in the nature of defenses to the special issues presented by appellee, which the plaintiff anticipated. Proof of these facts may have been required to defeat appellee's defenses, but, in the absence of such defenses, they certainly were not necessary to the plaintiff's recovery; it being undisputed, as stated, that the rings belonged to her.

We conclude that the judgment must be reversed, and the cause remanded for a new trial.