PATTILLO v. CITIZENS' NAT. BANK OF STAMFORD. (No. 722.)

(Court of Civil Appeals of Texas. El Paso. Oct. 11, 1917.)

1. FRAUDS, STATUTE OF ⬤⟿146—PROMISE TO ANSWER FOR DEBT OF ANOTHER.

A petition alleging that plaintiff loaned to a son the moneys represented by the notes sued on, upon a verbal promise of the father that he would secure its payment, that the notes were signed by the son only, and were extended from time to time, that thereafter just prior to the maturity of the note sued on the father declined to fix his personal signature to the notes as surety, delivered to plaintiff certificate of stock, and authorized it to be attached to the note as security, and that, relying upon such pledge of stock, plaintiff granted other extensions of time for payment, did not show that a cause of action was based upon oral promise within the statute of frauds; there being no verbal promise to pay the debt of another.

2. PLEDGES ⬤⟿9—CONSIDERATION.

An extension of time for the payment of the debt was sufficient consideration for the depositing of shares of stock by the father to secure notes of his son.

3. PRINCIPAL AND SURETY ⬤⟿104(1) — RELEASE OF SURETY—EXTENSION OF TIME.

If the relation of principal and surety existed, an extension of time without the consent of the surety would release him.

4. PLEDGES ⬤⟿25—RENEWAL OF NOTES—LIABILITY OF PLEDGOR.

Where the father refused to sign as surety, and simply deposited or pledged shares of stock to secure the payment of his son's notes, the stock remained as security for the debt precisely as though there had been no renewal.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. PLEDGES** &#9655;57—ENFORCEMENT—LIABILITY OF PLEDGOR.

Where the father pledged shares of stock to secure payment of his son's notes, the trial court properly foreclosed the pledge without personal judgment against the father.

Appeal from District Court, Jones County; Jno. B. Thomas, Judge.

Action by the Citizens' National Bank of Stamford, Tex., against C. M. Pattillo and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

Davenport & Davenport, of Stamford, for appellant. J. W. Boynton, of Anson, for appellee.

HARPER, C. J. This appeal is from a judgment in favor of appellee against Milton Pattillo for $4,702.48 upon a promissory note, interest, etc., and against C. M. Pattillo, appellant, foreclosing lien upon certain certificate of stock in the Stamford Investment Company for 18²/₁₁ shares, same having been deposited by C. M. Pattillo as collateral to secure the payment of the notes sued on.

[1] The first and fourth assignments urge that the petition shows that the cause of action is based upon an oral promise to pay the debt of another—is therefore within the statute of frauds. Substantially, the petition alleges and the evidence is sufficient to establish: That appellee loaned to Milton Pattillo the moneys represented by the notes sued on upon the verbal promise of C. M. Pattillo that he would secure its payment. The notes were signed by Milton Pattillo only; were extended from time to time during the years 1912 and 1913. That thereafter, just prior to the maturity of the note sued on, upon solicitation from the bank, C. M. Pattillo, father of Milton Pattillo, declining to fix his personal signature to the notes as surety, delivered to the bank the certificate of stock and authorized it to be attached to the note as security. That relying upon said pledge of stock as its security, granted other extensions of time of payment. It will be noted from this statement that there was no verbal promise to pay the debt, so the statute of frauds invoked has no application, neither is there any question of limitation, since it was not the debt of pledgor.

[2] The next question raised by second and fifth assignments is that there is neither pleading nor proof of consideration for the promise to pay the debt. It was not necessary that any consideration pass directly to C. M. Pattillo; an extension of time for the payment of the debt is sufficient. Bonner Oil Co. v. Gaines et al. (Sup.) 191 S. W. 552.

[3] The next question urged (by the sixth and seventh assignments) is that Pattillo, Sr., stood in the position of surety, and that the extension of time without his consent operated to discharge him. If the relation of principal and surety existed, this is a correct proposition of law. First Nat. Bank of Victoria v. Skidmore, 30 S. W. 564.

[4] The way we view the facts in the record, C. M. Pattillo refused to sign the note as surety, and simply deposited or pledged the shares of stock with the bank to secure the payment of his son's notes; under such state of facts it remained as security for the debt precisely as though there had been no renewal of the debt. Jones on Pledges, § 541; King v. Doane, 139 U. S. 166, 11 Sup. Ct. 465, 35 L. Ed. 84; Case v. Fant, 53 Fed. 41, 3 C. C. A. 418; Collins v. Dawley, 4 Colo. 138, 34 Am. Rep. 72. In Cotton v. Atlas Bank, 145 Mass. 43, 12 N. E. 850, it was held that:

"Where stock is pledged as collateral security for a promissory note and a new note is given in renewal, the stock will remain as security for the renewal note in absence of facts disclosing an intention to the contrary."

[5] The trial court was therefore right in foreclosing the pledge without personal judgment against the pledgor. Killman v. Young, 171 S. W. 1065.

Finding no error in the record, the cause is affirmed.