R. E. Hannay et al. v. W. L. Moody & Co.

Decided December 19, 1902.

Sureties—Contract Binding—Extension by New Notes—Consideration—Forbearance to Sue.

Where the notes of a principal with sureties thereon were renewed by new notes, signed by all the parties, due ninety days from date, nothing being said by the payee as to forbearing suit until they should become due, but they were not sued on until after their maturity, defense by the sureties that there was no consideration, as to them, for the new notes, was unavailing, since the payee, by taking the renewal notes, became legally bound not to sue until they became due, and the fact that under extraordinary circumstance he might have sued by attachment prior to their maturity did not alter the case.

Appeal from the District Court of Waller. Tried below before Hon. Wells Thompson.

*J. V. Meek* and *R. E. Tompkins,* for appellants.

*Tompkins, McDade & Harvey,* for appellees.

GILL, Associate Justice.—During the cotton season of 1895 and 1896, which closed April 1, 1896, R. E. Hannay was engaged in buying cotton on his own account and shipping it to the appellees, they being cotton factors at Galveston. When Hannay would buy cotton he would draw on Moody & Co. for money with which to pay for it, and when the cotton was sold by Moody & Co. the proceeds would be credited on Hannay's account. This continued until the close of the cotton season, when it was ascertained that Hannay had lost $4000 on his venture, which sum he owed Moody & Co. The sum was past due on April 20, 1896. Prior to the date last named Moody & Co. had requested Hannay to close the account either by paying it or by giving notes with sureties. On April 20, 1896, Moody & Co. sent R. E. Hannay three notes, due ninety days from that date, for the sum of $1333.33 each, bearing 10 per cent interest from maturity, with 10 per cent additional as attorney's fees if sued on or placed in the hands of an attorney for collection. These three notes represented the indebtedness due Moody & Co. by R. E. Hannay on that date. R. E. Hannay signed as principal, and at his request Dixon S. Cuny, M. J. Hannay, and W. H. Dickerson signed as sureties. Neither of the sureties owed Moody & Co. anything, nor were they paid or promised anything either by the principal or the payee of the notes to become surety thereon.

The case is here upon an agreement as to the facts established upon the trial, and it is therein stated that Moody & Co. promised neither R. E. Hannay nor the sureties anything to execute the notes, unless the law would imply a promise to extend the time of the payment of the original debt by reason of the acceptance of the notes thus executed and returned to the payees named therein. Moody & Co. knew that all the makers except R. E. Hannay signed only as sureties, though the notes

do not disclose the nature of their obligation in this respect. When Moody & Co. received the three notes thus executed they accepted them in discharge of R. E. Hannay's past due indebtedness. These notes were not paid at maturity, whereupon other notes were executed in their stead, payable December 31, 1897, the parties binding themselves in the same way as originally. The second notes were not paid at maturity, whereupon the same parties, under the same conditions as first stated, signed other notes in their stead, due and payable March 1, 1898. In each of the renewals mentioned the accrued interest to date was included in the principal of the new notes. In neither of the renewals was any specific promise made, except such as may be implied by law from the facts, nor did any new consideration proceed either to R. E. Hannay or his sureties, except as stated. On March 1st default was again made, whereupon, on July 21, 1900, Moody & Co. brought this suit upon one of the three notes held by them, making R. E. Hannay and his sureties parties defendant, praying judgment for interest, principal, and attorney's fees. The sureties set up their suretyship, and pleaded want of consideration as to themselves. As R. E. Hannay has not appealed it is unnecessary to state the defenses urged by him further than to say he pleaded a credit, which was allowed.

On a trial by jury the court instructed a verdict for the amount sued for, less the credit established, and there was a verdict and judgment in favor of plaintiffs for $2777.50, less a credit of $1845. From this judgment the sureties alone have appealed, and the only objection they urge against its validity as to them is that they became sureties upon a past due debt, and no new consideration passing either to them or their principal, they are not bound. The appellants concede that if there had been a binding promise on plaintiffs' part not to sue until the maturity of the note, the sureties would clearly have been bound, such a promise being a sufficient consideration to uphold their undertaking, but they contend that inasmuch as there was no express promise made by appellees either to them or their principal not to sue within a given time, the mere acceptance by appellees of the notes extending the payment of the debt for ninety days is insufficient to evidence an implied promise not to sue within that time. They argue that notwithstanding the acceptance of the note they might have sued thereon prior to its maturity, if the acts or conduct of R. E. Hannay had been such as to authorize attachment proceedings. The soundness of this contention is the sole question presented for our decision.

Since it is well settled that an extension of time of payment of a past due indebtedness will support a contract of suretyship, the real question to be determined is whether the facts show a binding extension for ninety days from the date of the note.

The appellees had no communication with the sureties. They made no express promise to R. E. Hannay to forbear to sue, or to extend the time of payment. The negotiations were brief, and consisted of a letter requesting Hannay to close the account by payment or secured notes; the

preparation and forwarding to him of the notes by appellees, with request to sign, get sureties, and return them to the payees, and their acceptance by them when so returned. This clearly amounted to an extension of time by the appellees. From the facts stated the law will conclusively infer or imply that they bound themselves not to collect their debt until the maturity of the notes thus accepted. We do not regard this as an open question, and but for the earnestness of eminent counsel for appellants, as evidence both by his brief and in oral argument before us, we would close the opinion at this point, affirming the judgment. In deference, however, to his earnestness and known ability we will briefly notice a few of the authorities upon which he seems so confidently to rely.

In Simmang v. Farnsworth, 24 S. W. Rep., 541, a note had been given by the principal for machinery already delivered and put in running order. The note was returned with request for a surety. The terms were not changed, and the consideration had already passed between the maker and payee when the surety signed. Judgment was properly entered for the surety, the case going no further than to recognize the principle that some new consideration must pass to bind a surety for a pre-existing debt. Baker v. Wahrmund, 5 Texas Civ. App., 268, announces a like doctrine, but goes no further.

The rule is thus stated in 2 Parsons on Contracts, 6 ed., p. 5: "If the original debt or obligation is already incurred or undertaken previous to the collateral undertaking, then there must be a new and distinct consideration to sustain the guaranty. * * * It is not necessary that any consideration pass from the one receiving the guaranty to the party giving it. If the party for whom the guaranty is given receive a benefit, or the party to whom it is given receive an injury in consequence of the guaranty and as its inducement, this is a sufficient consideration." We have not found the rule stated otherwise by any authority. So in 1 Parsons on Contracts, p. 443, it is said a waiver of any legal or equitable right is a sufficient consideration for a promise.

We apprehend that counsel for appellant has been misled by some of the authorities cited by him. Thus in Snyder v. Leibengood, 4 Pa. St., 305, it is said there must be assent, in other words a binding promise to forbear, and the mere fact of forbearance is not enough, and in several of the other cases cited the surety signed to a demand note, or a note payable one day after date, and it was held that the sureties were not bound, as the payee had abandoned no valuable right. The authorities cited are many and it would be useless consumption of time and labor to discuss them. As construed by us, none of them uphold the contention of appellant.

By the acceptance of the notes which by their terms were not payable until the lapse of ninety days, Moody & Co. effectually bound themselves not to collect it earlier, and thus abandoned their legal right to proceed at once against their debtor. The inference from these facts is a conclusion of law which they could not be heard to question except on the

ground of fraud or mistake. That they might have proceeded in attachment sooner than the due date, if sufficient grounds existed, can make no difference. They parted with their absolute right to sue and collect at once, and had left to them the right to sue only under extraordinary conditions.

As bearing directly upon the point at issue we cite Thompson v. Gray, 63 Me., 230; Fulton v. Laughlin, 118 Ind., 286; Bank v. Bridges, 2 Am. St. Rep., 317; York v. Pearson, 63 Me., 587.

We have no doubt of the correctness of the judgment. It is therefore affirmed.

*Affirmed.*

Writ of error refused.