### KENNEDY et al. v. McCAULEY. *
(No. 2068.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1923. Rehearing Denied Feb. 28, 1923.)

1. Gaming ⊚⇒49(1)—Contract for future delivery not presumed gambling transaction.

A contract for the future delivery of cotton or other commodity is not presumed to be a gambling transaction.

2. Gaming ⊚⇒12—Contract to deliver at future date not invalid.

A bona fide agreement mutually to deliver cotton at a fixed price, on a day certain, is not invalid, as one dealing in "futures" under Pen. Code 1911, arts. 538–547.

3. Principal and surety ⊚⇒35—Extension of time sufficient consideration for execution of note by surety.

The execution of a note by a surety to secure the payment of a previous obligation was supported by a sufficient consideration, where there was a 12 months' extension of time granted the principal.

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Action by G. W. McCauley against L. A. Kennedy and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 236 S. W. 752.

R. H. Templeton, of Wellington, and Benson & Benson, of Bowie, for appellants.
C. C. Small, of Wellington, for appellee.

KLETT, J. The judgment for principal, interest, and attorney's fees was rendered against appellant L. A. Kennedy, as principal, and appellant R. Q. Kennedy, as surety, on a promissory note of $1,500, sued on by the appellee G. W. McCauley, as plaintiff, in the district court of Collingsworth county. The appellant L. A. Kennedy defended the suit on the ground that the note was given in settlement of a gambling transaction and was void under the laws of Texas, prohibiting contracts in "futures," in that the note was executed in payment of the difference between the contract price and market value

of 25 bales of cotton, which, it is claimed, appellant L. A. Kennedy had contracted to deliver to appellee in the future, but which the parties mutually understood was not actually to be delivered. The appellant R. Q. Kennedy claimed there was no consideration for his signing the note as surety, in that the debt which he promised to pay was the gambling debt of another, and past due when he signed the note given to cover said debt.

The trial was before the court without a jury. No findings of fact or conclusions of law appear in the record. The evidence shows that, in the spring of 1919, defendant L. A. Kennedy contracted in writing to deliver to appellee on November 20, 1919, 25 bales of cotton at 17 cents per pound, though cotton had a market value of 22 cents per pound when the agreement was made. The contract had been misplaced at the time of trial, but proof of its contents was parol testimony. At the time of delivery, the cotton had a market value of 39 cents per pound. Appellee failed to deliver the cotton on the date agreed upon, and on December 10, 1919, appellant L. A. Kennedy and appellee settled their contract by appellant L. A. Kennedy promising to pay appellee $2,500. As part of the settlement, the appellee agreed to accept the note sued on, with the understanding it would be signed by appellant R. Q. Kennedy and made payable 12 months after its date. Accordingly the note was executed, delivered, and accepted as agreed upon. There was a dispute in the testimony as to whether or not there was an intention or agreement to make actual delivery of the cotton. The appellants say in their brief:

"The plaintiff, McCauley, testified that an actual bona fide intention for the delivery of the cotton was made. The defendant L. A. Kennedy, the other contracting party, testified that it was agreed to settle on the market. * * * The attorneys who prepared the contract testified they thought it provided for delivery of the cotton." Page 13, Appellant's Brief.

[1, 2] The appellants' first and principal contention is that a contract for the future delivery of cotton or any other commodity is presumed to be a gambling transaction. The contention must be overruled, as it omits elements necessary to create a wagering contract. All issues of fact being resolved in favor of the judgment rendered, we find that the parties to this appeal made a bona fide agreement actually to deliver the cotton at a fixed price on a day certain. Such a contract is not condemned as one dealing in "futures." Penal Code, arts. 538–547; Smith v. Duncan (Tex. Com. App.) 209 S. W. 143; Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30; same case (Tex. Civ. App.) 44 S. W. 551; same case (Tex. Sup.) 17 S. W. 524; Puckett v. Wilson Bros. (Tex. Civ. App.) 211 S. W. 642; Fenter v. Robinson (Tex. Civ.

App.) 230 S. W. 844; Clark v. Merriam & Milliard Co. (Tex. Civ. App.) 223 S. W. 869; Life Insurance Co. v. Stuart (Tex. Civ. App.) 201 S. W. 1091. The above holding eliminates the appellant's further contention that the note sued on is void because given in settlement of a gambling transaction.

The sufficiency of the evidence to show that there was a bona fide agreement to make an actual delivery of the cotton is assailed. As already indicated, the testimony on this issue was conflicting, but ample to sustain the judgment of the trial court. Kennedy v. McCauley, 236 S. W. 754.

[3] The appellant R. Q. Kennedy advances the proposition that the execution of a note by a surety to secure the payment of a previous obligation is without consideration. This proposition cannot be sustained, in view of the facts of this case, for the reason that the 12 months' extention of time granted to the principal was a sufficient consideration to bind the surety. Bonner Oil Co. v. Gaines, 108 Tex. 232, 191 S. W. 552, Ann. Cas. 1918C, 574; Hanney v. Moody & Co., 71 S. W. 325. Finding no reversible error, the judgment is affirmed.