**FENLEY v. BEWLEY MILLS, Inc.**

No. 2505.

Court of Civil Appeals of Texas. Beaumont.

Jan. 25, 1934.

Rehearing Denied Jan. 31, 1934.

**BAUM v. GERMAN et al.**

No. 2537.

Court of Civil Appeals of Texas. Beaumont.

Jan. 26, 1934.

Rehearing Denied Feb. 14, 1934.

Adams & McAlister, of Nacogdoches, for plaintiff in error.

F. I. Tucker, of Nacogdoches, for defendant in error.

WALKER, Chief Justice.

This was an action in county court of Nacogdoches county by appellee (defendant in error) against appellant (plaintiff in error) to recover damages for breach of contract to order out and accept delivery of 375 barrels of flour; upon trial to the court without a jury, judgment was rendered for appellee in the sum of $419.33. The following statement is taken from the trial court's conclusions of fact: Appellant entered into a written contract with appellee whereby he agreed and obligated himself to purchase from appellee 500 barrels of flour at $4.80 per barrel, to be ordered out by him on or before January 1, 1931. On or about the 4th day of November, 1930, 125 barrels of the flour thus contracted for were delivered to appellant, for which he paid the contract price. Though appellee was able, ready, and willing at all times to make delivery of the flour as per the terms of the contract, appellant breached and canceled the contract on or about January 1, 1931. No point is made that the evidence was insufficient to support the damages found by the court, in the sum of $419.33, with interest at 6 per cent. per annum from the 5th day of February, 1932.

### Opinion.

The only proposition advanced by appellant is as follows: "The booking of an order for future delivery, when the commodity is not set aside, but is to be called for later and then secured by the seller, is a transaction prohibited by law, in that it is a future transaction and against the law."

In support of this proposition, he makes the following statement:

"The facts are undisputed in this controversy, as will be seen by the conclusions of facts as filed by the trial judge, and the same demanding future delivery and the goods not set aside at the time of the trade, makes the same a transaction against the law, and one that is not enforceable by law, as was decided in the case of Finley v. Stripling (Tex. Civ. App.) 15 S.W.(2d) 711.

"It will be noted from the conclusions of fact that the particular commodity promised to be delivered in the future was not set aside for the plaintiff in error and made his, but depended upon the filling of the orders in the future as were called for by plaintiff in error."

We overrule appellant's contention. It is the settled law that a contract for the future sale and delivery of goods "which the seller has not in possession but which he intends to acquire by producing, manufacturing, or purchasing before the day of delivery, is valid as an executory contract to be fulfilled by acquiring and delivering the goods specified in the contract, even though the acquisition of the goods by the seller depends upon a contingency which may or may not happen." 55 C. J. 65. See, also, Seligson v. Collins, 64 Tex. 314; Merriam v. Cole (Tex. Civ. App.) 198 S. W. 1054, and authorities therein cited; International Life Ins. Co. v. Stuart (Tex. Civ. App.) 201 S. W. 1088; Western Union Telegraph Co. v. Bradford (Tex. Civ. App.) 114 S. W. 686; Erwin v. White (Tex. Civ. App.) 54 S.W.(2d) 867; Kennedy v. McCauley (Tex. Civ. App.) 248 S. W. 423; Texas & Southwestern Digest, Gaming,

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.