**D. T. FRIDDELL, Appellant,**

v.

**Frederick I. MASSENGILL, Jr., Appellee.**

No. 3810.

Court of Civil Appeals of Texas.

Eastland.

May 10, 1963.

Rehearing Denied May 31, 1963.

by Massengill until May 28, 1962, when he wrongfully and fraudulently dated said instrument May 28, 1962, wrote therein the name of The Terrell State Bank as payee, wrote Forty Two Thousand Four Hundred on the line before the word "dollars" printed on said form, for the purpose of making said instrument appear to be a check drawn by plaintiff on said bank, all of which was done without plaintiff's knowledge or consent and without authority; and, about 7:00 a. m. on May 28, 1962, defendant took said purported check and, with additional funds, purchased from said bank two Cashier's checks for $25,000.00 each. Plaintiff alleged that said instrument was not intended as a check; that it was without consideration; that it was never intended to be used as a check to withdraw funds from his bank account; that defendant knew it was not a check and he had no right to convert it into an apparent check and to withdraw said money from his account; that defendant, after holding said instrument about a year, wrongfully and unlawfully filled in said instrument so that it appeared to be a check and used it to take said amount of money from plaintiff's account; that upon learning thereof plaintiff demanded the return of said $42,400.00, which defendant refused. Massengill answered that plaintiff gave him a check on said bank for $42,400.00 in partial payment of losses in a poker game and that the entire transaction sued upon had its inception in, was based upon and concluded in a gambling transaction and that the court should not take cognizance thereof, but should leave the parties where it found them. Plaintiff filed a supplemental petition denying said allegations and alleging that plaintiff never delivered such a check to the defendant for any purpose; that the instrument was not delivered with the intention that it should be completed as a check or become a negotiable instrument.

In answer to defendant's request for admissions Friddell denied that the transaction made the basis of his suit arose out

W. H. Frank Barnes, Terrell, W. Newton Barnes, Dallas, Jack Morgan, Kaufman, for appellant.

Wynne & Wynne, Wills Point, for appellee.

GRISSOM, Chief Justice.

Dr. D. T. Friddell sued Frederick I. Massengill, Jr., to recover $42,400.00, which plaintiff alleged the defendant unlawfully obtained from him in the following manner: that in April 1961, Friddell signed his name to a blank check form of The Terrell State Bank and wrote therein the figures 42,400.00; that this instrument was kept

of a poker game. He said the suit arose out of the fraudulent alteration by defendant of a blank form of a check signed by plaintiff so as to make it appear to be a valid check on plaintiff's account. Plaintiff denied that the instrument was given in payment of gambling losses and swore that the writing was executed only as a memorandum of his standing in a continuing poker game. He denied under oath that there was delivery of a check. He testified in effect that, in accord with a custom between defendant and plaintiff and their companions, he put said instrument in a poker game as evidence of his then standing in a continuing game; that they were in the habit of thus keeping a record of their standing and that defendant had no right, nearly a year thereafter, to fill in the memorandum and make it appear to be a check on his bank account. The court sustained the defendant's motion for a summary judgment and rendered judgment that plaintiff take nothing. Plaintiff has appealed.

Appellant's first point is that the court erred in sustaining appellee's motion for judgment and in summarily rendering judgment that he take nothing. Appellant contends that his verified petition shows an action based on the wrongful and fraudulent acts of appellee in converting such a memorandum into what purported to be a check on his account and cashing it, thereby wrongfully acquiring $42,400.00 of appellant's money. Appellant says in substance that his pleadings and evidence, at least, raise issues of fact; that it is a fact question whether said memorandum was intended as a check and was delivered as such in payment of gambling losses or whether it was signed and delivered only as a memorandum of appellant's standing in a poker game.

■ In Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 292 S.W. 2d 694 (Writ Ref.), the court said:

"Where briefs * * * on appeal from summary judgment for defendants disclosed no theory of fact or of law under which it conclusively appeared that plaintiffs could not make a case to go to the jury, plaintiffs were entitled to trial of the case and summary judgment would have to be reversed."

In Smith v. Bolin, 153 Tex. 486, 271 S.W. 2d 93, our Supreme Court held that in determining whether material issues of fact were raised the court was required to view the evidence in the light most favorable to the one against whom a summary judgment had been rendered, to disregard conflicts in the testimony and to indulge, in favor of the loser, every intendment reasonably deducible from the evidence. In said case the holding in Gulbenkian v. Penn (Sup.Ct.), 151 Tex. 412, 252 S.W.2d 929, was reiterated, that if a motion for summary judgment involved the credibility of affiants, the weight of the showing, or a mere ground of inference, the motion should be denied.

■ Viewing the entire record in accord with such rules, we are compelled to conclude there was an issue of fact as to whether the instrument, by which appellee obtained $42,400.00 from appellant's bank account, was executed and delivered only as a memorandum of appellant's standing in a poker game and not intended as a check. 32 Tex.Jur. 662. There was evidence that a memorandum of a party's standing was sometimes kept in the manner disclosed by appellant's testimony, or by merely noting same on an envelope kept at the place where the parties usually played. All the evidence came from interested witnesses. See Valley Stockyard Company v. Kinsel, 6 Supreme Court Journal 343 and Box v. Bates (Tex.Sup.Ct.), 346 S.W.2d 317. It is undisputed that appellee did nothing with the instrument for almost a year after he acquired possession. Ordinarily a person having possession of an instrument intended as a check for that much money would not wait long before cashing it. Appellant's asserted cause of

action is not conclusively shown to have arisen out of and as a part of a gambling transaction. Under appellant's contention the gambling transaction is only explanatory of the alleged fraudulent change of such a memorandum into a purported check on appellant's bank account. Hall v. Edwards (Tex.Com.App.), 222 S.W. 167; Finley v. Stripling, Tex.Civ.App., 15 S.W. 2d 711; Heidenheimer v. Beer, Tex.Civ. App., 155 S.W. 352.

The judgment is reversed and the cause is remanded.