## Wylie v. Dickenson.

1. SURETYSHIP—*Consideration for the Contract.*—Where a person let another have a sum of money and promised to give him a forbearance for six months, provided he would give his note therefor with security, and he did so, *it was held,* that the forbearance was a good consideration for the contract of surety.

2. CONTRACT—*To Give a Note—Breach of—Damages.*—Where a person obtains a sum of money under a promise to give his note for the same, and fails to do so, he is liable to an action for a breach of the contract to give the note, and the damages will be the amount of the money and interest.

**Memorandum.**—Assumpsit on a promissory note. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The opinion states the case.

H. T. & L. HELM, attorneys for plaintiff in error.

BRIEF FOR DEFENDANT IN ERROR, ALBERT VARTY, ATTORNEY.

Where a promise that a surety or guarantor will become liable is part of the inducement on which the creditor acts in creating the original debt, that is a sufficient consideration to support the contract of the surety or guarantor who subsequently signs. Brandt on Suretyship and Guaranty, Sec. 15; 2 Randolph on Commercial Paper, Sec. 920, page

597; Hintz v. Cahn, 29 Ill. 308; Ives v. McHard, 2 Ill. App. 176; Klein v. Currier, 14 Ill. 237; Moir v. Bird, 11 Mass. 436; Paul v. Stackhouse, 38 Penn. 302; Stanley v. Miles, 36 Miss. 434; Williams v. Perkins, 21 Ark. 18.

Where a guaranty is put on a note at the time of its execution, and so is a part of the original transaction, no new consideration is necessary to support it; all that is necessary in such case is to show a sufficient consideration passing to the maker of the note. 2 Randolph on Commercial Paper, Sec. 446; Joslyn v. Collinson, 26 Ill. 61; Klein v. Currier, 14 Ill. 237; Parkhurst v. Vail, 73 Ill. 343; McHard et al. v. Ives, 5 Ill. App. 400.

OPINION OF THE COURT, GARY, J.

This was a suit upon a promissory note in which the defendant (plaintiff in error) pleaded no consideration. The evidence is such that the finding of the court, trying the cause without a jury, can not be disturbed.

One Dodd borrowed the money for which the note was given, from Dickenson, for six months or a year, as Dodd might prefer, but as the evidence indicated upon condition that Dodd should give a note for it with a surety, and Wylie's name was mentioned as that of a satisfactory surety.

Some few days after the loan was made, Dickenson urged Dodd to bring a note signed by Wylie. Dodd went to Wylie, and Wylie wrote the note sued upon.

Wylie, as a witness on his own behalf, testified, "I signed it, as I wanted Dodd to have the six months as they had agreed upon."

Now, although Dodd had already got the money, yet the credit or term of six months or year, was dependent upon security being given; and the note given to secure to him the time in which to pay, is based upon the good consideration of forbearance. Brandt, Sav. & Guar., Sec. 16.

Heintz v. Cahn, 29 Ill. 308, is in point in principle, though in that case, the consideration between the creditor and the debtor was goods, and the form of the contract a guaranty.

Whether Dickenson could at once have maintained an action for money loaned or not, he might have sued for the breach of the contract to give the note, and his damages would have been the money loaned, with interest.    1 Chitty on Contracts, 615.

What the plaintiff in error calls propositions of law, refused by the court, are not properly named.    They are recitals, as facts, of what he assumed to be facts proven, and of the law applicable to such facts.

On the whole case it is quite clear that the judgment is right, and it is affirmed.