### BONNER OIL COMPANY v. JOHN W. GAINES.

No. 2793.   Decided February 7, 1917.

**1.—Suretyship—Consideration—Extension of Time.**

To support the contract of a surety, a consideration moving to his principal suffices, and extension of time for payment of the principal's debt constitutes a consideration.  (P. 235.)

**2.—Same—Case Stated.**

The creditor of a corporation extended time for the payment of an open account then due by taking the note of the corporation due at a future date executed by its president for the company and for himself personally. The extension of time to his principal was sufficient consideration to support the personal liability of the president; and it was immaterial that he signed the note voluntarily, and without demand by the creditor that he assume personal liability as a condition of the extension.  (Pp. 233-235.)

Question certified from the Court of Civil Appeals for the First District, on error from Harris County.

*Hunt, Myer & Teagle, Campbell, Myer, Myer & Freeman,* and *Rodman S. Cosby,* for plaintiff in error.—Defendant in error Gaines was liable to plaintiff in error on the notes, because there was an implied agreement between the parties to extend the time of payment of the open account, in consideration for the two notes; and the consideration moving to the canal company was amply sufficient to make defendant in error liable as an accommodation maker.   9 Cyc., 242; 7 Cyc., 722; 9 Michie's Digest, p. 991; 15 Am. & Eng. Ency. of Law, 1078; Bishop on Contracts, sec. 286; Elliott, Contracts, vol. II, sec. 1358; Fordtran v. Stowers, 113 S. W., 631; Simkins, Contracts, p. 467; Weinsberg v. St. Louis, etc., Co. (Mo.), 116 S. W., 461; Anderson v. Caldwell, 146 S. W., 444 (Mo.), 461.

The facts and circumstances surrounding the execution and delivery of the notes were sufficient in law to prevent plaintiff in error from

suing on the debt until the notes matured; the Lake Austin Canal Company and defendant in error were benefited by the extension of the debt for a definite period, and the consideration for the note is obvious. Otto v. Halff Bros., 89 Texas, 390; First Natl. Bk. of Arlington v. Cecil, 32 Pac., 393; Holzworth v. Koch, 26 Ohio St., 33; Zimbleman v. Finnegan, 118 N. W., 312; Boyd v. Frieze, 5 Gray (71 Mass.), 553; Wheeler v. Slocumb, 16 Pick. (33 Mass.), 52; 7 Cyc., 722; 9 Cyc., 343.

If a debt is due for which the note is taken the agreement for forbearance may be implied since taking the note suspends action on the original claim. Otto v. Halff Bros., 89 Texas, 390; 7 Cyc., 722; Fulton v. Loughlin, 118 Ind., 286; 6 Am. '& Eng. Ency. of Law, 744; York v. Pearson, 63 Me., 587; Lundberg v. Northwestern Elev. Co., 42 Minn., 37; Johnston Harvester Co. v. McLean, 15 N. W., 177; Thompson v. Gray, 63 Me., 228; Jennison v. Stafford, 55 Mass., 168, 48 Am. Dec., 594; Harris v. Harris, 180 Ill., 157.

If there is granted an extension of time on the original debt this is sufficient consideration for the endorsement or suretyship of a third party, even though the extension is granted without the request of the original debtor. Atherton & Ricker v. Marcy, 59 Iowa, 650; 1 Parsons on Notes and Bills, 195; Lyndon Savings Bank v. International Co., 78 Vt., 169; Pulliam & Payne v. Withers, 8 Dana (Ky.), 98, 33 Am. Dec., 479.

*Gaines & Corbett* and *Cole & Cole*, for defendants in error.—In the absence of an agreement of any kind no implied contract as between the parties can arise binding either party to the performance of any act not contemplated by each of them. Where the notes are in the hands of the original payee, no liability attaches to accommodation maker, and no agreement by implication can arise that is not based on actual agreement of the parties. An accommodation maker or endorser may withdraw his name at any time before the note is in the hands of an innocent third party. Parker v. Lewis, 39 Texas, 395; Cent. Bank & Trust Co. v. Ford, 15 S. W., 700; Witt v. Wilson, 160 S. W., 309; 7 Cyc., p. 726, and note; 1 Daniels on Negotiable Instruments (5th ed.), 189-191; Baker v. Wahrmund, 23 S. W., 1023; Simman v. Farnsworth, 24 S. W., 541.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The statement of the case as contained in the certificate of the honorable Court of Civil Appeals may be thus summarized:

The suit in the trial court was upon two notes given in favor of the Bonner Oil Company by the Lake Austin Canal Company and John W. Gaines, each for the sum of $445.20, and maturing, respectively, sixty and ninety days after date. The defense of Mr. Gaines was that the notes were, as to him, without consideration. It was pleaded by the plaintiff in reply that his execution of the notes was

for the purpose of an extension of time being granted for the payment of the debt of the canal company which the notes expressed, affording a sufficient consideration for Gaines' liability. To this Mr. Gaines answered that there was no agreement for any such extension at the time of his execution of the notes; that he was not requested by the plaintiff to sign them; and that the purpose of their execution was to settle all controversy as to the amount of the debt due the plaintiff by the canal company. Mr. Gaines was president of the canal company and a principal stockholder. Prior to the execution of the notes the canal company had incurred an indebtedness in the amount of the notes in favor of the oil company for oil purchased on open account. This account was due and unpaid when the notes were executed. The oil company was endeavoring to collect it, and sent an agent, Bland, to the office of the canal company for that purpose, or, if that could not be done, to close the account by notes. Bland called upon Mr. Gaines in this connection, stating his purpose. Mr. Bland replied that the corporation had not sold its rice and had experienced "bad luck." Thereupon Bland presented the notes for signature. They were signed by Mr. Gaines in the name of the canal company, by himself as president, and by himself individually, and returned to Bland, Mr. Gaines explaining at the time, in effect, according to Bland's testimony, "that he was doing this·for Bland and not for the company," and saying, "I don't often do this," or "This is something I haven't often done." Bland did not request Mr. Gaines to sign the notes individually, nor did he tell him that they would not be accepted without his individual signature; but he testified that he would not have accepted simply the notes of the corporation alone.

Mr. Gaines, in testifying to the circumstances under which he signed the notes, stated, in substance, that in presenting the notes Bland said the oil company needed them to use as collateral at its bank, and might do so; and this was the only reason assigned by Bland for wanting the account settled by notes. It appears that he also testified: "I have been puzzled several times myself why I did sign the paper at the time, to tell you the honest truth; and I couldn't tell you to·this day why I did it. I don't know why I endorsed that paper. . . . It is a mystery to me." After the maturity of the first note Mr. Gaines wrote the oil company, asking for an extension of time in which to pay it, and in this letter said: "In this connection I wish to say that if you will do so (extend time of payment until fall) the Lake Austin Canal Company will very much appreciate you carrying this account over until fall, as it is practically impossible for them to pay it at this time, and get through this season's work. I will re-endorse this paper, payable in the fall, and if you will do as above suggested, it will be a great accommodation to me and to the canal company."

In the trial court judgment was rendered in favor of Mr. Gaines. On appeal this judgment was reversed and judgment rendered against him in favor of the oil company.

 We have materially abbreviated the certificate of the Court of Civil Appeals in stating the case, but the foregoing is the substance of it.

Referring to its action in rendering judgment against Mr. Gaines, the Court of Civil Appeals propounds the following question: "Did we err in so doing?"

To support a contract of suretyship it is not necessary that any consideration pass directly to the surety. A consideration moving to the principal, alone, will support the suretyship. An extension of time for the payment of a debt is a sufficient consideration for a contract.

When the notes in question were executed, the indebtedness of the canal company to the oil company upon the open account was due and unpaid. By executing the notes the canal company obtained a definite extension of time for the payment of its debt, and by their acceptance the oil company was deprived of the right to demand its immediate payment. This was a benefit enuring to the former, and the surrender of a right by the latter. That no request was made of Mr. Gaines to individually sign the notes does not alter the fact that his principal derived a distinct advantage as the result of the transaction, supplying a consideration sufficient in law to support his own undertaking. We do not think he could have signed the notes save in recognition of the benefit acquired by the canal company through the extension of the maturity of its debt. With this true, and knowledge of it before him, the voluntary character of his act does not render him any the less liable than if it had been involuntary. In our opinion the judgment of the Court of Civil Appeals was correct. 1 Brandt on Suretyship and Guaranty, secs. 15 and 16; 2 Parsons on Contracts, 8 (9th ed.); Hannay v. Moody, 31 Texas Civ. App., 88, 71 S. W., 325; People's State Bank v. Flemming-Morton Co., 160 S. W., 648; Atherton v. Marcy, 59 Iowa, 650, 13 N. W., 759; Pulliam v. Withers, 8 Dana (Ky.), 98, 33 Am. Dec., 479.