## GREENFIELD v. ANDERSON et al.

### No. 9903.

Court of Civil Appeals of Texas. Galveston.

Dec. 14, 1933.

Alexander T. Sidman, of Houston, for appellant.

Williams, Lee, Sears & Kennerly and W. H. Blades, all of Houston, for appellees.

LANE, Justice.

J. Greenfield, trading as J. Greenfield & Co., hereinafter referred to as appellant, brought suit against W. C. B. Anderson, John W. Hart, and W. B. Simmons, hereinafter referred to as appellees. The suit was predicated upon an agency bond, a true copy of which was attached to appellant's petition, and executed by appellee Anderson as principal and appellees Hart and Simmons as sureties.

Appellant alleged that he was the general agent for certain insurance companies in Texas, and in that capacity did, on the 9th day of December, 1930, appoint appellee Anderson as his subagent in the city of Orange, Tex. One of the conditions of and a consideration for such appointment was the execution of a bond insuring faithful perform-

ance of certain delegated duties. That on the 4th day of March, 1931, the bond in question was executed by the appellees, and it was recited therein that "the condition of said obligation (was) that the said W. O. B. Anderson * * * should faithfully and punctually pay over at Houston, Texas, to said J. Greenfield & Company all sums due or that may become due * * * from time to time for premiums on policies issued by agent." That as subagent for appellant and in accordance with the terms of such agency, appellee Anderson issued certain policies of insurance but did not turn over to appellant certain premiums in the aggregate amount of $432.60. That because of the default in such payment over, suit was filed and attorney's fees prayed for in addition to the defaulted premium payments, as provided for in the bond.

Defendant Anderson did not appear or make answer.

Appellees Simmons and Hart answered by general demurrer, general denial, and a plea of want of consideration for their execution of the bond sued upon, saying "that such bond was executed and delivered without plaintiff's giving, promising, foregoing or suffering, or being liable to suffer, the loss or detriment of anything or act whatever by reason of such transaction, and that the alleged shortages occurred prior to the time these defendants signed said bond as sureties, and that such instrument was without consideration."

The material evidence adduced upon the trial, is substantially as follows:

The undisputed evidence shows that appellant, Greenfield, appointed Anderson as his subagent to write insurance on the 9th day of December, 1930, and that at such time it was specifically agreed and understood between appellant and Anderson that Anderson was to furnish to appellant a bond executed by himself and two sureties; that at such time Anderson mentioned a few prospective sureties, among them the names of appellees Simmons and Hart; that on the 20th day of December, 1930, appellant wrote Anderson saying:

"We wired you today as follows: * * *

"We are also enclosing you herewith a bond in the sum of two thousand dollars ($2000.-00) which we will appreciate your completing and having signed by two responsible sureties. This is one of our strict requirements, and we sincerely trust that you will immediately comply with same. We are authorizing the lines on the Creosoting Plant contingent on your having the bond completed."

In reply to such letter, Anderson wrote on the 24th day of December, 1930, saying: "I will get your bond to you in a day or two."

On the 9th day of January, 1931, Anderson was again reminded that his bond had not been received by appellant, and on the 6th day of February, 1931, appellant wrote Anderson, saying: "We dislike to be writing you continuously about your bond, but you have had sufficient time to give this matter attention and we are going to have to insist that you please immediately comply with our request. Please let bond come forward by return mail and oblige."

Finally, on the 4th day of March, 1931, Anderson executed the bond as principal, and appellees Simmons and Hart as sureties. Such bond as executed was delivered to appellant at Houston. It was shown that appellant did not know before the bond was delivered who the specific sureties would be; that he did not know either of appellee sureties personally.

It was shown that Anderson, the principal on the bond, on the 17th day of December, 1930, eight days after Anderson was appointed as agent by appellant and more than two months before the bond was executed by Simmons and Hart as sureties, as agent for appellant issued to appellee Hart a policy with the Union Fire Insurance Company; the name of said company being included in the face of the bond therafter executed. Thus it was shown conclusively that at the time Hart signed the bond he knew that Anderson was a subagent for appellant, collecting premiums on policies, and that such agency had existed from the 17th day of December, 1930.

It was shown by the undisputed evidence that it was understood and agreed between appellant and Anderson that all premiums on policies written by the latter for the former were to be remitted to appellant seventy days after the last day of the month in which the policies were written; that Anderson was a friend of appellee Simmons, who had known him for fifteen years. This bond, among other things, contained the following recital:

"Whereas the above bounden W. O. B. Anderson has been by J. Greenfield & Co., appointed agent of the said Insurance Company. * * *

"Now Therefore, the condition of the above obligation is such that if the above bounden W. O. B. Anderson, agent, shall faithfully and punctually pay over, at Houston, Texas, to said J. Greenfield & Co., *all sums due or that may become due* to them from time to time for premiums on policies issued by such agent, whether said premiums have been collected by them or either of them, and also all monies whatever collected or received by said W. O. B. Anderson for any account whatever for said J. Greenfield & Co., * * * then this obligation shall be null and void; otherwise to remain in full force and effect." (Italics ours.)

The undisputed evidence also shows that there were certain premiums collected by the agent Anderson for policies written in December, 1930, which were not paid over to appellant within the time stipulated for such payments to be made, that is, the 70-day period above mentioned; that on or after the 10th day of March, 1931, because of Anderson's failure to make the payments mentioned, the agency of Anderson was closed, and appellant made demand on the sureties for payment of the premiums collected by Anderson not paid to appellant.

Under the terms of the appointment of Anderson by appellant Greenfield and under the provisions of the bond signed by Simmons and Hart, Anderson obligated himself to pay over to appellant all premiums collected by him as the agent of appellant. There is no provision in the bond authorizing Anderson to withhold any part of said premiums as commissions or otherwise. By the terms of the bond sued upon, the principal and sureties agree and obligate themselves that in case they are sued upon the bond to enforce its terms they will pay to appellant any and all attorney's fees which appellant might incur in obtaining compliance with the terms of the bond. We think the evidence shows that Anderson, under. his contract of agency, collected from parties to whom policies were issued premiums largely in excess of the sum of $216.51, and of such gross sum he failed to pay to appellant the said sum of $216.51.

A jury was selected and sworn to try the cause. W. C. B. Anderson having made no appearance nor answer, the trial judge rendered judgment against him in favor of J. Greenfield for the sum of $291.51; and at the conclusion of all the evidence, both appellant and appellees Simmons and Hart requested the court to instruct a verdict in their favor, whereupon the court withdrew the case from the jury and instructed a verdict for appellees Simmons and Hart. From such judgment J. Greenfield has appealed.

■■ Appellant insists that the trial court erred in peremptorily instructing a verdict for Simmons and Hart, and in not instructing a verdict for appellant upon his request therefor, in that the action of the court in instructing a verdict for the appellees can be sustained only, if at all, on a finding by the trial court that the undisputed facts showed that there was no consideration for the undertaking of Simmons and Hart as sureties, and further insisting that such conclusion, if reached by the trial court, is contrary to the undisputed evidence, as such evidence shows a valid and legal consideration existed for such undertaking by Simmons and Hart as sureties, and that under the state of the evidence as a whole it was the duty of the court to instruct a verdict for appellant.

We think the contention of appellant should be sustained. We have stated above the facts shown by the undisputed evidence, and it is unnecessary to repeat them here. Information that the agency of Anderson, the principal in the bond, had existed several months prior to the execution of the bond by the sureties was in the hands of the surety Hart at the time he signed the same as surety, and we think the recitals in the bond were sufficient to advise both sureties that Anderson had been before the execution thereof, appointed as appellant's agent, and that he had been, prior to such execution, acting by reason of such appointment.

"To support a contract of suretyship it is not necessary that any consideration pass directly to the surety. A consideration moving to the principal, alone, will support the suretyship." Bonner Oil Co. v. Gaines, 108 Tex. 232, 191 S. W. 552, 553, Ann. Cas. 1918C, 574.

"The consideration passing between the parties may be either of benefit to the principal or surety, or of detriment to the creditor." First National Bank v. Alexander (Tex. Civ. App.) 4 S.W.(2d) 298, 301.

After the execution and delivery of the bond, Anderson, the principal, continued to act under his appointment as the agent of appellant. In 50 Corpus Juris, § 80, pp. 47 and 48, it is said: "This consideration (for the contract of suretyship) may consist of * * * giving the principal an office or employment and trusting his affairs to him, *or by continuing the principal in office or employment after he has entered upon his duties.*" (Italics ours.)

In Child's Suretyship and Guaranty, at pages 51 and 52, it is said: "If, during the original negotiations between the principal and the creditor, before the contract was complete, the creditor had stipulated that the maker should procure a surety when asked to do so, there would have been a consideration for the contract of the surety whenever he might sign, as, in such case, the creditor suffered the disadvantage of parting with his money in reliance upon the surety to be obtained, and would not have parted with his money had it not been for the contract of suretyship yet to be made."

In 50 Corpus Juris, § 8, p. 43, it is said: "And even though the suretyship contract is executed subsequently to the principal contract, it will be regarded as being made at the same time so as to constitute a part of the same transaction, and be supported by the same consideration, and not require a new consideration, *where it is executed pursuant to a prior agreement and as an inducement to the execution of the principal contract * * *.*" (Italics ours.)

See Wylie v. Dickenson, 50 Ill. App. 622; 21 R. C. L. § 29, pp. 978, 979; Id., § 28, p. 977;

U. S. Fidelity & Guaranty Co. v. Fultz, 76 Ark. 410, 89 S. W. 93.

In Harrington v. Brown, 77 N. Y. 72, at pages 74, 75, it is said: "The time of signing is of no importance. It is only material to ascertain whether the payee parted with her property upon condition that Mrs. Brown would sign the note. If she did, the plaintiff's right against her is the same as it would have been if the note had been executed by her at the moment when the bonds were delivered to Medbury. But it is urged on behalf of the appellant that she cannot be held liable unless she knew of the arrangement between the payee and Medbury and signed the note in fulfillment of it. * * * It was enough to hold Mrs. Brown to a fulfillment of her promise if the arrangement existed between Medbury and the payee that Mrs. Brown should sign the note, and the payee relying upon the arrangement parted with her property although Mrs. Brown did not know of the arrangement and did not sign the note until after the consideration passed from the payee to Medbury. * * *"

From the authorities cited, and others, and the undisputed evidence in this case, we conclude that the defense of no consideration interposed by Simmons and Hart cannot avail them.

█ Appellees, in an attempt to justify the trial court in taking the case from the jury and peremptorily instructing a verdict for them upon their request therefor, make the contention in this court that there was no proof made of any sum or sums susceptible of definite, positive, and accurate calculation due by Anderson to appellant Greenfield, and therefore the cause was properly withdrawn from the jury upon appellees' request.

We are not prepared to sustain appellees' contention. The trial court found, as indicated by the judgment rendered against Anderson, that Anderson had collected premiums on policies issued by him as appellant's agent amounting to the sum of $216.51, which he had not paid to appellant as he had obligated himself to do by the bond sued upon, and so finding, rendered judgment against Anderson in favor of appellant for the sum of $216.51, plus $75 as attorney's fee as provided by the bond. We think there was sufficient evidence adduced to support the finding of the court that such sum was collected by Anderson which was not paid to appellant. Since the appellees, in effect, requested the trial court to withdraw such issue from the jury, they are in no position to complain of the court's finding on such issue.

Having reached the conclusions above expressed, it becomes our duty to reverse so much of the judgment as is in favor of appellees Simmons and Hart, and to here render judgment in favor of appellant J. Greenfield for the sum of $291.51, and it is so ordered. All other parts of the judgment remain undisturbed.

Reversed and rendered in part, and in part affirmed.