Burnett ESTES et al., (Oilfield Salvage Co., Inc.), Appellants,

v.

OILFIELD SALVAGE CO., Inc., (Burnett Estes et al.), Appellees.

No. 15005.

Court of Civil Appeals of Texas.

Dallas.

Oct. 21, 1955.

Lee Shipp, Dallas, for Gaylord Shaw and Burnett Estes.

Fulbright, Crooker, Freeman, Bates & Jaworski, and Robert M. Welch, Jr., Houston, for Oilfield Salvage Co., Inc.

DIXON, Chief Justice.

This is an appeal from a summary judgment in favor of Oilfield Salvage Company, plaintiff in the trial court, against Gaylord Shaw and Burnett Estes, defendants, based on a written guaranty contract.

Shaw and Estes, the guarantors, have appealed from a judgment of $6,205.57 against them; Oilfield Salvage Company has appealed from that part of the judgment denying it attorneys' fees. Since both parties are appellants and both are appellees, for the sake of clarity we shall continue to refer to them as plaintiff and defendants.

Sometime in 1950 plaintiff filed suit against Swiss Oil Company on a note in

the principal amount of $9,440.30 principal plus interest and attorneys' fees of ten per cent. Plaintiff in the same suit also asked for the appointment of a receiver for Swiss Oil Company. The last named Company, subsequent to the making of the note, had entered into a contract for the sale of its assets to Texmass Petroleum Company. Evidently plaintiff's pending suit was about to block the sale of said assets, for defendants wrote the following letter to plaintiff:

"Dallas, Texas
January 20, 1950.
"Oilfield Salvage Company, Inc.
Houston, Texas.

"Gentlemen:
"In consideration of your forbearance in prosecuting your petition for receivership filed against Swiss Oil Company, of which the undersigned Gaylord Shaw is President and stockholder, and Burnett Estes is stockholder, the undersigned, on behalf of both himself and Estes as partners, agrees as follows:

"(a) To pay to you the sum of Three Thousand ($3,000.00) Dollars cash on or before 2:00 P.M., January 23, 1950.

"(b) Upon the closing of pending negotiations for the sale of portions of the properties of Swiss Oil Company to Texmass Petroleum Company, we guarantee that out of such proceeds you will receive the balance of your indebtedness, with interest, and that, if such proceeds be inadequate, we, as partners, guarantee to make good such deficiency, such deficiency to be paid at the time of the consummation of such sale.

"(c) If, for any reason, the sale to Texmass Petroleum Company is not consummated, then the undersigned agree to pay the balance due and owing unto you within a period of seven (7) months from this date, with interest.

"(d) Upon full payment of the obligations aforesaid, you agree to assign your promissory note that you now hold of Swiss Oil Company, bearing a present un-paid balance of $9,440.30, together with accrued interest, as of January 10, 1950, of $369.34, to the undersigned partnership.

"(e) We agree to bear the costs of the receivership proceedings which you will dismiss upon receipt of the $3,000.00 payment, and you are to bear your own attorney's fees. Very truly yours, Shaw & Estes By: /s/ Gaylord Shaw Gaylord Shaw."

Thereafter defendants paid plaintiff $3,000 as provided in paragraph (a) of their agreement, plaintiff dismissed its suit against Swiss Oil Company, and the sale of the latter's assets to Texmass Petroleum Company was consummated for a sum in excess of $400,000. All secured creditors of Swiss Oil Company were paid out of the proceeds, with Texmass holding the balance of the purchase price for unsecured creditors.

Some time later Swiss Oil Company was adjudicated an involuntary bankrupt, and said balance was turned over to the trustee in bankruptcy. Plaintiff then filed its claim with the trustee in bankruptcy and participated along with other unsecured creditors in the distribution of the assets of the bankrupt Swiss Oil Company. In its judgment in this case the trial court found that the bankruptcy court had paid plaintiff a final dividend of $683 which sum was credited on the amount of the judgment entered against defendants as guarantors.

Defendants' first point on appeal asserts that there was a total want of consideration passing to defendants for the guaranty contract. We see no merit in this contention. It is not denied that pursuant to the terms of the contract defendants paid and plaintiff accepted the $3,000 as provided in paragraph (a) of the contract; and that plaintiff then dismissed its pending lawsuit, including its application for a receiver, thus enabling the sale of the assets of Swiss Oil Company to be consummated. In our opinion this was a benefit and a consideration flowing to defendants.

■■ The position of defendants is untenable for another reason. A number of courts, including our Supreme Court, have held that to support a contract of suretyship-guaranteeship it is not necessary that any consideration pass directly to the guarantor. A consideration moving to the principal alone will suffice to bind the guarantor. Bonner Oil Co. v. Gaines, 108 Tex. 232, 191 S.W. 552; Dean v. Allied Oil Co., Tex.Civ.App., 261 S.W.2d 900. An agreement to forbear bringing suit on a well founded claim, or an agreement to dismiss a pending suit is a sufficient consideration for a contract. Russell v. Lemons, Tex. Civ.App., 205 S.W.2d 629; Dyson v. Moore, Tex.Civ.App., 78 S.W.2d 285; Parriss v. Jewell, 57 Tex.Civ.App., 199, 122 S. W. 399; 10 Tex.Jur. 135. Defendants' first point on appeal is overruled.

■ Defendants' second point on appeal is that there was a fact question as to the amount of the credits to which they were entitled. The trial court allowed certain credits—the $3,000 paid by defendants, and $683 from the bankruptcy court. The record contains an affidavit by M. A. Rutis, Secretary-Treasurer of plaintiff, that after allowing all offsets the amount due was $6,205.57. Defendants filed no counter-affidavits, and sought no delay on the ground that affidavits were not available at the time of the hearing. Under the circumstances their failure to present counter-affidavits must be taken as an admission of the truth of the facts alleged in plaintiff's affidavit as to the balance due on the indebtedness. Rountree v. Bridwell, Tex. Civ.App., 269 S.W.2d 824; Holland v. Lansdowne-Moody Co., Tex.Civ.App., 269 S.W.2d 478; Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236. We overrule defendants' second point.

■ Defendants in their third point contend that it was the duty of plaintiff to take judgment against Swiss Oil Company before it was entitled to look to them for payment as guarantors. We are unable to agree with defendants. In our opinion their contract with plaintiff was an absolute guaranty on their part to pay plaintiff if the proceeds of the sale of the assets of the principal debtor were inadequate, the deficiency to be paid by them at the time of the consummation of the sale. They were guaranteeing payment of a debt which was already past due. Under such a contract the creditor may proceed against the guarantors without proceeding first against the principal. 21 Tex.Jur. 146–147, 182; 38 C.J.S., Guaranty, §§ 7, 61, pp. 1139–1140, 1218–1220. Anyway, the bankruptcy of Swiss Oil Company is sufficient to determine the issue against defendants. Our Supreme Court has held that upon the bankruptcy of the principal maker the guarantors become liable as principals. Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688. Defendants' third point is overruled.

■ In our opinion the trial court correctly refused to allow plaintiff its attorney's fees. It is true the note of Swiss Oil Company provided for a ten percent attorney's fee, but in paragraph (e) of the contract sued on it is expressly stipulated that plaintiff will bear its own attorney's fees.

Plaintiff contends that this stipulation had reference only to its attorney's fees incurred in connection with its application for receivership. However plaintiff also contends that the contract as a whole when properly construed was an agreement to dismiss the entire suit. Apparently this was the construction put upon the agreement by both parties, for in carrying out the contract the entire suit was dismissed by plaintiff with the express written approval of defendants, acting through their attorney. Thus neither party, and especially plaintiff, is in position to say that the contract was limited in its meaning to attorney's fees in connection with the receivership only. We overrule plaintiff's point on appeal.

■ Plaintiff on appeal also prays for damages of ten percent of the original judgment on the ground that this appeal was merely for delay, with no sufficient cause for taking an appeal. Rule 438,

T.R.C.P. In our opinion the record before us does not warrant the assessment of such damages. Plaintiff's prayer is denied.

The judgment of the trial court is affirmed.