**MANUEL ZURITA, IV, Plaintiff**

v.

**THE VIRGIN ISLANDS DAILY NEWS and GLADYS ZURITA, a/k/a GLADYS GONZALES, Defendants**

Civil No. 1983/78

District Court of the Virgin Islands

Div. of St. Croix

January 19, 1984

MANUEL ZURITA IV, *plaintiff pro se*

DAVID P. ATKINS, ESQ., St. Thomas, V.I., *for The V.I. Daily News*

RANDALL JOHNS, ESQ., Christiansted, St. Croix, V.I., *for defendant Gladys Zurita a/k/a Gladys Gonzales*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of defendant Daily News Publishing Co., Inc. d/b/a The Virgin Islands *Daily News* (hereafter *"Daily News"*) for summary judgment. This motion raises the issue of whether, on the record before the Court, plaintiff Manuel Zurita, IV (hereafter "Zurita" or "plaintiff") has sufficiently stated a claim in libel against the *Daily News*. Because this Court concludes that there is no genuine issue as to any material fact, and that plaintiff has failed to establish his cause of action as a matter of law, summary judgment will be granted and the complaint will be dismissed.

### FACTS

This pro se libel action was generated out of a news article published in the *Daily News* on February 18, 1982, under the headline "St. Croix officer probed on wife's charges." The focus of the article was a cluster of charges levied against Zurita by his then estranged wife, defendant Gladys Zurita a/k/a Gladys Gonzales (hereafter "Mrs. Zurita"). The article stated that Zurita, a veteran detective of 7 years then employed at the Department of Public Safety was, as a result of his wife's allegations, the target of various investigations into possible criminal behavior. Mrs. Zurita had gone to the police, and later to the press, with accusations that Zurita had, among other things, "blackmailed arson suspects, stolen from both living and dead crime victims, and from criminals themselves." *Daily News*, February 18, 1982, p. 1. Zurita was suspended without pay pending completion of the investigations, and, after 5 months, was reinstated when the U.S. Attorney's Office decided not to press charges against him.

Zurita was not so reticent, however, and on February 16, 1983, filed this action against both his wife and the *Daily News*. Zurita asserts that the paper carelessly printed these false defamatory allegations of his wife which resulted in his suffering a loss of reputation in the community, mental and physical deterioration, and lost wages during his suspension.

## DISCUSSION

■ The *Daily News* counters that the allegedly defamatory statements are privileged within the *New York Times* rule under which a newspaper has broad leeway in publishing matters relating to a public official's official conduct. In the milestone decision of New York Times v. Sullivan, 376 U.S. 254, 279–80 (1964), the Supreme Court held:

> The constitutional guarantees [of freedom of speech and press] require . . . a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice" that is, with knowledge that it was false, or with reckless disregard of whether it was false or not.

The *Daily News* argues that as Zurita is a public official within the meaning of the *New York Times* rule, and as he has made neither allegations nor a showing of "actual malice" in the papers publishing the offending article, summary judgment must enter in its favor.

■ Zurita, a territorial detective at the time the article was published, is a public official within the ambit of the *New York Times* rule. No court which has ever faced the issue of whether a law enforcement officer is a public official for these purposes has ever decided otherwise. Roche v. Egan, 433 A.2d 757 (Me. 1981); see e.g. Time, Inc. v. Pape, 401 U.S. 279 (1969); Gray v. Udevitz, 656 F.2d 588 (10th Cir. 1981); Meiners v. Moriarity, 563 F.2d 343 (7th Cir. 1977).

> The cop on the beat is the member of the department who is most visible to the public. He possesses both the authority and the ability to exercise force. Misuse of his authority can result in significant deprivation of constitutional rights and personal freedoms, not to mention bodily injury and financial loss. The strong public interest in ensuring open discussion and criticism of his qualifications and job performance warrant the conclusion that he is a public official.

491

Gray, supra at 591. As the published allegations were directed to Zurita's role as a detective in investigating crimes, they bear directly on his official conduct. Consequently, Zurita has the burden of showing "actual malice."

 The question of whether a defendant in a libel action brought by a public official acted with "actual malice" is an issue of fact. Curtis Publishing Co. v. Butts, 388 U.S. 130 (1967). Further, in a motion for summary judgment this Court must "resolve any doubt as to the existence of a genuine issue of fact against the moving parties." Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) quoting Tomalewski v. State Farm Insurance, Co., 494 F.2d 882, 884 (3d Cir. 1974). However, in resisting a summary judgment motion, a party may not simply rely on the allegations contained in his pleadings, but must set forth specific facts which show that a genuine issue for trial exists. Peterson v. United States, 694 F.2d 943 (3d Cir. 1982); see generally Fireman's Insurance Co. of Newark, New Jersey v. DuFresne, 676 F.2d 965 (3d Cir. 1982). Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed. R. Civ. P. 56(e); Harold Friedman, Inc. v. Kroger, Co., 581 F.2d 1068 (3d Cir. 1978); Tripoli Co. v. Wella Corp., 425 F.2d 932 (3d Cir. 1970) cert. denied, 400 U.S. 831 (1970). Thus, a party submitting no support of its opposition to such a motion is vulnerable to summary judgment. See Tilden Financial Corp. v. Palo Tire Service, Inc., 596 F.2d 604 (3d Cir. 1979); Turrell v. Wiley, 514 F.2d 971 (3d Cir. 1975); Fed. R. Civ. P. 56(c).

In support of its motion for summary judgment, the *Daily News* has filed affidavits of Terry Galvin, the reporter who wrote the article, and David Pike and Penny Feuerzig, who were respectively, news editor and managing editor of the paper when the article appeared. Mr. Galvin and Mr. Pike state they felt the allegations of Mrs. Zurita were "substantially true" and Mrs. Feuerzig's affidavit implies the same. All affiants report the efforts of the *Daily News*, prior to publication, to ascertain the accuracy of the charges, both by their confirming the existence of the investigation into Zurita's

conduct, as well as by their frequent, though unsuccessful attempts to contact Zurita himself.

■ Zurita has failed to file a motion to strike an objection to the factual allegations contained in the affidavits, or anything in opposition to the *Daily News'* motion. While recognizing the difficulties facing even the most astute pro se litigant in navigating through unfamiliar procedural pitfalls, this Court must remain nonpartisan. The legal effect of the failure of a nonmoving party to controvert facts supporting a summary judgment motion is that such facts are deemed admitted. Morrison v. Walker, 404 F.2d 1046 (9th Cir. 1968); Ratner v. Young, 465 F.Supp. 386 (D.V.I. 1979).

## CONCLUSION

■ Consequently, as Zurita is a public official within the *New York Times* rule who is required to make a showing of "actual malice" in a libel action; and, as Zurita has failed to counter the *Daily News'* assertions of a good faith belief in the truth of the pertinent news article, summary judgment must enter for the *Daily News*.

■ Plaintiff's claim would by this appear to remain alive as to his wife. The record before the Court, however, contains no evidence that Mrs. Zurita has ever been served with process or appeared in any way in this matter. As Zurita has not attempted service since inception of this suit on February 16, 1983, the action against Mrs. Zurita will be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## ORDER

THIS MATTER is before the Court on Motion of defendant the *Daily News* for summary judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the *Daily News'* Motion for Summary Judgment be and the same hereby is GRANTED; and

THAT plaintiff Zurita's complaint as against defendants the *Daily News* and Gladys Zurita a/k/a Gladys Gonzales be and the same hereby is DISMISSED.