**BELLOWS INTERNATIONAL, LTD., Plaintiff**

**v.**

**CARIBBEAN LIQUORS, INC. d/b/a JOE'S DISCOUNT STORES,
KENT ELVIS BERNIER, and ALFRED H. LOCKHART, Defendants**

Civil No. 370/1998

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

January 10, 2001

3

SANDRA NABOZNY-YOUNGER, ESQ., Grunert, Stout & Bruch, St. Thomas, U.S.V.I., *Attorney for Plaintiff*

CATHY M. SMITH, ESQ., Dudley, Clark & Chan, LLP, St. Thomas, V.I., *Attorney for Defendant Alfred H. Lockhart*

VINCENT FRAZER, ESQ., Law Offices of Frazer & Williams, St. Thomas, U.S.V.I., *Attorney for Defendants Caribbean Liquors, Inc. and Kent Elvis Bernier*

MEYERS, *Judge*

## MEMORANDUM OPINION

(January 10, 2001)

The Plaintiff, Bellows International, Ltd. (Bellows) has moved the Court for summary judgment pursuant to FED. R. CIV. P 56(c). Plaintiff contends that it is entitled to summary judgment against Defendant Caribbean Liquors, Inc. (Caribbean Liquors), Defendant Kent E. Bernier (Bernier), and against Defendant Alfred H. Lockhart (Lockhart). For the reasons set forth below, Plaintiff's motion will be granted.

4

## FACTUAL BACKGROUND

Bellows, a Virgin Islands corporation, granted Caribbean Liquors, also a Virgin Islands corporation, a line of credit wherein Caribbean Liquors agreed to pay Bellows in full for all goods sold and delivered to it.[1] As an inducement to extend credit and as security, Bernier executed a Personal Guaranty agreeing unconditionally to pay Bellows all sums due by Caribbean Liquors, including interest and costs of collection and legal fees. Subsequently, during the period of October 1994 through December 1996, Bellows sold and delivered to Caribbean Liquors goods totaling One Hundred Seven Thousand Thirty-Two Dollars and Thirty-Three Cents ($107,032.33).

On December 12, 1994, Bernier executed and delivered to Bellows a Mortgage Note (Note) in which Bernier promised to pay Bellows the principal amount of Two Hundred Thousand Dollars ($200,000.00) including interest. Also on December 12, 1994, Lockhart executed and delivered to Bellows a First Priority Mortgage (Mortgage) on real property described as Parcel No. 11-E Estate Thomas, No. 6E New Quarter, St. Thomas, Virgin Islands, in the principal amount of Three Hundred Thousand Dollars ($300,000.00) with interest. The purpose of the Mortgage was to secure payment of the aforementioned Note, and to secure the extension of a revolving line of credit to Bernier and Caribbean Liquors in the maximum principal amount of One Hundred Thousand Dollars ($100,000.00) with interest.

Plaintiff's motion for summary judgment rests upon the assertions that

(1) Defendants Caribbean Liquors and Bernier failed to pay the amount owed to Bellows for goods sold and delivered; thus, they jointly and severally owe the Plaintiff the principal sum of One Hundred Seven Thousand Thirty-Two Dollars and Thirty-Three Cents ($107,032.33) with prejudgment interest; and (2) Bernier defaulted on payments due on the Note and now owes the Plaintiff One Hundred Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Eight Cents ($174,999.98) plus prejudgment interest together with costs, expenses, and attorney's fees. Additionally, Plaintiff asserts that Lockhart is in default under the terms and conditions of the Mortgage by virtue of Defendants Caribbean Liquors and Bernier's failure to make timely

---

[1] *See* Credit Application, Exhibit 1 of Plaintiff's Affidavit dated May 26, 1999.

payments to Bellows as required by the terms of the Mortgage and Note. Plaintiff avers, therefore, that it is entitled to foreclose on the property securing the debt to satisfy up to Three Hundred Thousand Dollars ($300,000.00) principal of the debt, plus interest, costs, and fees incurred.

In opposition to Plaintiff's motion, Lockhart asserts that the Mortgage was a contract of guaranty and is, therefore, invalid because it fails to recite any consideration between Caribbean Liquors or Bernier and himself for the execution of the mortgage to Bellows. Bellows, on the other hand, argues that Lockhart is a surety, whose role is to pass consideration on to the principal debtor. Bellows therefore insists it is irrelevant whether he received consideration for his mortgage. Defendants Caribbean Liquors and Bernier have not responded to Plaintiff's motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

Under Fed. R. CIV. P 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The plain language of this rule mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Aviation Assocs. v. Virgin Islands Port Authority*, 26 V.I. 24, 32 (Terr. Ct. 1990), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

The party moving for summary judgment has the burden of demonstrating that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Kress, Dunlap & Lane Ltd. v. Downing*, 286 F.2d 212, 4 V.I. 227 (3d Cir. 1960). However, when a motion for summary judgment is made and supported by the pleadings and affidavits, an adverse party may not rest on the mere allegations or denials in his pleadings. Rather, the adverse party must present some evidentiary matter showing there is a genuine issue of material fact that is worth bringing to trial, or else summary

6

judgment, if otherwise appropriate, may be entered against him. *Carino v. Golden*, 1983 V.I. LEXIS 51 (Terr. Ct. 1983).

This standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Further, the failure of the non-moving party to controvert facts supporting a summary judgment motion is that such facts are deemed admitted. *Zurita v. Virgin Islands Daily News*, 578 F. Supp. 306, 20 V.I. 488 (D.V.I. 1984).

In analyzing the evidence submitted, the court should grant summary judgment when it can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Matsushita Elec. Indus., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

## DISCUSSION

In support of its motion for summary judgment, Plaintiff argues that judgment should be granted in its favor because the Defendants have defaulted on debts owed to the Plaintiff. Plaintiff also contends that, in assuming the role of a surety, Lockhart is not required to receive consideration for the executed mortgage. Lockhart, on the other hand, claims that the Mortgage is a contract of guaranty which requires consideration to be valid, and that no consideration was received at the time of the execution of the contract.

### A. The executed Mortgage is a surety contract, which does not require that the surety be given consideration.

As this case involves distinguishing between a guaranty contract and a suretyship, a discussion of the aforementioned is warranted. As a general rule, a suretyship is distinguishable from a guaranty. A surety is an original promisor and debtor from the beginning, and is held to every known default of the principal, whereas the contract of guarantor is his own separate undertaking, in which the principal does not join. BLACK'S LAW DICTIONARY 1441 (6th ed. 1990). In opposing Plaintiff's motion for summary judgment, Lockhart contends that the First Priority Mortgage he executed in favor of Bellows is a guaranty contract which requires consideration to be valid. A guaranty is a collateral agreement in which

7

the guarantor agrees to satisfy the debt of another if and when the debtor fails to repay (secondarily liable). BLACK'S LAW DICTIONARY 705 (6th ed. 1990); *see Howell v. Commissioner of Internal Revenue*, 69 F.2d 447, 450 (8th Cir. 1934).

■ In the instant case, Lockhart failed to point to any evidence to support his contention that the Mortgage is a guaranty, or that no consideration was provided to him by the contract. In fact, under the terms of the contract, Lockhart agreed that in the event of any default on the Note, secured by the Mortgage, Bellows is entitled to take possession of the mortgaged property to satisfy the debt.

The contract does not state or suggest that upon default Lockhart will only be held secondarily liable. The contract undoubtedly holds Lockhart primarily liable for any default on the Note, which suggests that the contract is not one of guaranty.[2] An agreement whereby one person engages to be answerable for the debt, default, or miscarriage of another, and is directly and equally bound with his principal, is a suretyship. 74. AM. JUR. 2D *Suretyship* § 1 at 12 (1974). The surety is primarily liable for the payment of debt upon the default of the principal. *Branch Banking and Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E.2d 117, 122 (N.C. 1980). The evidence clearly demonstrates that Lockhart is a surety and is responsible, along with his principal (Caribbean Liquors), to Bellows for the debt.

The Note executed by Bernier and the Mortgage executed by Lockhart were not separate. On the contrary, neither contract would have been formed without the other, because the purpose of the Mortgage was to secure the Note and a line of credit to Bernier, so without the Mortgage as security, the Note would not have been executed.

Lockhart further claims that the Mortgage recites consideration from Bellows to Caribbean Liquors and Bernier, but fails to recite any consideration between Caribbean Liquors or Bernier to Lockhart.[3] The

---

[2] First Priority Mortgage, Lockhart to Bellows International, Ltd., 12/12/94, pp. 1 & 3, provides that, "the Mortgagee shall be entitled, at the Mortgagee's option to declare the Mortgagor in default and the whole indebtedness and interest to be immediately due and payable. ... This covenant shall become effective immediately after the happening of any default, solely on the determination of the Mortgagee. ..."

[3] *See* Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 3.

RESTATEMENT (SECOND) OF CONTRACTS, § 17 (1981), states that the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. Lockhart argues that the Mortgage is invalid because there was no promise or return performance bargained for by him and, thus, there was no consideration provided to him. Therefore, a contract of suretyship, like other contracts, must be supported by adequate consideration. *Bonner Oil Co. v. Gaines*, 108 Tex. 232, 191 S.W. 552 (Tex. 1917).

■ However, the consideration necessary to support a suretyship need not pass directly to the surety; a consideration moving to the principal alone will suffice. 74 AM. JUR. 2D *Suretyship* § 14 at 20 (1974). In his opposition to the motion for summary judgment, Lockhart acknowledged that Caribbean Liquors and Bernier have received consideration for the execution of the mortgage to Bellows. Thus, according to the law of suretyship, it is not necessary that Lockhart be given separate consideration, because the consideration received by the principal is sufficient to support Lockhart's Mortgage contract. Therefore, the evidence clearly establishes that the Mortgage contract Lockhart executed to Bellows is a valid contract of suretyship which holds him primarily liable for default by the other Defendants. In light of the foregoing, the Court finds that Plaintiff has met its burden of proof that Lockhart is a surety and the lack of consideration to him directly is irrelevant. As such, Lockhart's opposition cannot succeed, as he has not demonstrated any genuine issue of material fact worthy of a trial.

**B. Plaintiff's motion for summary judgment will be deemed conceded for Defendants Caribbean Liquors' and Bernier's failure to respond.**

■ Both Caribbean Liquors and Bernier failed to respond to Plaintiff's motion for summary judgment against them. Under LRCI 7.1, authorizing the court to deem motions conceded where opponent fails to respond or file brief in opposition, the Court may render whatever relief is asked for in the motion. However, an unopposed motion is not alone a sufficient basis for the entry of summary judgment. The Court must determine that the facts specified in or in connection with the motion, entitle movant to judgment as a matter of law. *See Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); *Sindoni v. Consolidated Rail Corp.*, 4 F. Supp. 2d 358 (M.D. Pa. 1996).

9

■ The record does not reveal any dispute as to the existence of the debt or the amount of the debt that Bellows asserts that Caribbean Liquors and Bernier owe. Plaintiff has submitted copies of invoices, as well as the Note and the Mortgage signed by the Defendants to support its assertions. Defendants Caribbean Liquors and Bernier, on the other hand, neglected to introduce evidence to demonstrate that they do not owe the debt, or that the amount calculated is incorrect. Therefore, as a result of their failure to make a showing sufficient to establish existence of an essential element to their case, Plaintiff is entitled to summary judgment as a matter of law. *Aviation Assocs.*, 26 V.I. at 32.

## CONCLUSION

The Court finds, based on the record, that the Plaintiff, as the moving party, has discharged its burden of showing the Court that there is no genuine issue of material fact concerning the validity of Defendant Lockhart's First Priority Mortgage, as well as Defendant Caribbean Liquors' failure to pay for goods delivered, and Defendant Bernier's default on the Mortgage Note. Furthermore, the Defendants have not met their burden of showing that a material fact exists with respect to the existence of the debt owed to Bellows and their liability. Accordingly, summary judgment will be granted.